## AS TO VALIDITY OF CERTIFICATE OF ACKNOWLEDGMENT TO MORTGAGE.

Circuit Court of Cuyahoga County.

ATLANTIC REFINING COMPANY v. CARRIE S. WAGNER ET AL.

Decided, November 22, 1901.

*Evidence—Acknowledgments—Certificate of Acknowledgment Entitled to Great Weight—Misdescription of Officer Taking Acknowledgment Not Material.*

1. The certificate of an officer that he has taken the acknowledgment of a grantor is entitled to great weight; and the burden of proof cast upon those disputing the acknowledgment is not sustained by the evidence of the grantor and her husband that she did not acknowledge the instrument.
2. The fact that a certificate of acknowledgment describes the officer before whom an acknowledgment was taken as "a notary public" where as a matter of fact he was a justice of the peace and signed as such, does not invalidate the acknowledgment.

*Carpenter & Young,* for plaintiff in error.
*Chas. B. Lang,* contra.

HULL, J. (sitting in place of Marvin, J.); CALDWELL, J., and HALE, J., concur.

This case involves the validity of a mortgage upon which the plaintiff brought its action in foreclosure.

Carrie S. Wagner makes the defense that she did not appear before the justice of the peace whose certificate of acknowledgment is attached to the mortgage, and claims that therefore the mortgage is invalid. The mortgage was for $4,000 and was admittedly signed by Carrie S. Wagner and her husband, and ad-

mittedly acknowledged by the husband before the justice of the peace, in due form.

The property that the mortgage covered, belonged to Mrs. Wagner, was her property.

The question in the case is, whether the evidence offered in support of the defendant's claim is sufficient, under the rule in this state, to overcome the certificate of the justice of the peace and his testimony.

Another mortgagee is a party to the case, a Mrs. Bayer, whose mortgage in point of time is prior to the mortgage of the refining company, but was not left for record until *after* the mortgage given to the refining company; so that the mortgage of Mrs. Bayer is inferior to the mortgage of the refining company if the latter mortgage was properly executed and acknowledged.

The testimony in the case, stated very briefly, is about this: the defendant Mrs. Wagner and the other members of the family testified to her signature and that of her husband being attached to the mortgage at their residence; the acknowledgment purports to be taken before justice of the peace Griswold, who had an office down town. Mrs. Wagner claims she never appeared before the justice of the peace. In this she is supported by the testimony of her husband and son; the husband testifying they went before the justice of the peace and he attached the certificate of acknowledgment without Mrs. Wagner being present, and Mrs. Wagner testifies she did not go before the justice of the peace.

The certificate of the justice is in due and proper form, and he testifies that a woman did appear with Mr. Wagner before him, that he believed to be Mrs. Wagner, that her signature had been signed before she appeared and that he took the acknowledgment in due form.

We hold that as the defendant was attacking the mortgage, the testimony as offered before us was not sufficient to bring it within the rule laid down by the Supreme Court in the case of *Ford* v. *Osborne*, 45 O. S., page 1. The Supreme Court substantially hold there that the testimony of the husband and wife alone would not be sufficient to overcome the certificate of the

notary; that is practically the holding of that court, as there was no other testimony offered.

In this case, we have not only the certificate of the notary, but his testimony that a woman who appeared to be Mrs. Wagner came before him and made the acknowledgment.

The Supreme Court in the case to which I have referred, says there must be more than a preponderance of the evidence and that it must be clear and convincing.

The authorities everywhere are, that the certificate of the notary alone is entitled to great weight as evidence, it being the official act of the justice of the peace or notary; that the security of titles requires that such certificate shall not be lightly set aside.

If this were an ordinary question of fact, not controlled by such a rule as has been laid down by the Supreme Court, we might hold that the preponderance of the evidence was in favor of invalidating this mortgage, but we do not think the parties have come up to the rule laid down by the court.

Just a word in regard to the form of the certificate objected to; it reads: "Before me, a notary public," etc., and is signed "E. R. Griswold, Justice of the Peace."

We hold that this certificate in form is good; that the language "notary public" in the body of the certificate is merely descriptive and would not affect the validity. The certificate was prepared by the mortgagee and given to Mr. Griswold, and the words "notary public" were written in and, as they were not able to find a notary public at that time, he signed his name and title thereto.

The decree will be in favor of the plaintiff, and with this found, the parties agree on the priority of the liens.